IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

February 6, 2018 Session

## ISAIAH HIGGS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 96-04184    Glenn I. Wright, Judge

_____

### No. W2017-00708-CCA-R3-ECN

_____

The Petitioner, Isaiah Higgs, appeals as of right from the Shelby County Criminal Court's order denying his petition for writ of error coram nobis. We affirm the coram nobis court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Seth M. Segraves and Michael R. Working, Memphis, Tennessee, for the appellant, Isaiah Higgs.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Muriel Malone, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On April 18, 1996, the Shelby County Grand Jury indicted the Petitioner and his co-defendants, Darell Moy, Bob Partee, and Darron Johnson, for one count of felony murder during the attempt to perpetrate a robbery and one count of first degree premeditated murder. In addition, the Petitioner was separately indicted for attempted especially aggravated robbery and four counts of attempted first degree murder. Isaiah Higgs v. State, No. 02C01-9801-CR-00021, 1998 WL 910189, at *1 (Tenn. Crim. App, at Jackson, Dec. 31, 1998).

On May 1, 1996, after the State presented testimony from eight of its witnesses at trial,[1] the Petitioner and the State negotiated a plea agreement, whereby the Petitioner agreed to enter guilty pleas to first degree premeditated murder, attempted especially aggravated robbery, and two counts of attempted first degree murder, and the State recommended concurrent sentences of life imprisonment, eight years, and fifteen years, respectively. Id. Pursuant to this plea agreement, the State withdrew its demand for the death penalty. Id. The Petitioner entered an Alford[2] plea to these charges, and the trial court imposed the agreed-upon sentences. The court entered the judgments of conviction on May 1, 1996.

On April 9, 1997, the Petitioner filed a petition for post-conviction relief, alleging that trial counsel was ineffective and that his guilty pleas were not knowing and voluntary. Id. He specifically claimed that he was forced to enter his guilty pleas because two of his co-defendants made threats against him and his family. Id. The post-conviction court denied relief, and this court affirmed. Id. at *1-2.

More than eighteen years after his judgments of conviction became final, the Petitioner filed a pro se petition for writ of error coram nobis. In this petition and his amended petition filed with the assistance of counsel, the Petitioner claimed that he was entitled to error coram nobis relief from his guilty pleas, pursuant to State v. Wlodarz, 361 S.W.3d 490 (Tenn. 2012), based on two pieces of newly discovered evidence: (1) a transcribed telephone conversation of eyewitness Booker Matthews, who identified "Darrell" as the individual who fired shots from an AK-47, which the State allegedly failed to disclose to him in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (2) an affidavit of co-defendant Darell Moy acknowledging that he was the individual who fatally shot the victim and that he coerced the Petitioner into confessing to this crime. The Petitioner sought due process tolling of the statute of limitations, asserting that he filed his petition for writ of error coram nobis within one year of uncovering this newly discovered evidence. See Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992); Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001).

The coram nobis court bifurcated the evidentiary hearing on the petition, hearing evidence on May 25, 2016, and September 22, 2016. After the May 25, 2016 hearing but prior to the September 22, 2016 hearing, the Tennessee Supreme Court decided Frazier, 495 S.W.3d at 253, wherein it overturned Wlodarz, 361 S.W.3d at 503-04, and held that "the coram nobis statute is not available as a procedural mechanism for collaterally attacking a guilty plea."

---

[1] Although the trial transcript was admitted as an exhibit during the coram nobis hearing on September 22, 2016, the trial transcript was not included in the record on appeal.

[2] See North Carolina v. Alford, 400 U.S. 25 (1970).

On March 2, 2017, the trial court entered its order denying relief, finding that the Petitioner's claim that his plea was coerced had been previously determined on post-conviction and that while the transcribed telephone conversation of Booker Matthews was exculpatory, material, and had not been provided by the State, the Petitioner was not entitled to relief because a writ of error coram nobis is not available to defendants who enter guilty pleas, pursuant to Frazier. The court did not rule on the statute of limitations issue. Following entry of this order, the Petitioner filed a timely notice of appeal.

On appeal, the Petitioner argues that the trial court erred in dismissing his petition for a writ of error coram nobis based on the aforementioned newly discovered evidence. He argues that this court should create an exception to Frazier because he entered his Alford plea, without the benefit of this evidence, after several witnesses testified at his death penalty trial, which he claims constitutes an "adversarial proceeding" as required by Frazier. The Petitioner also contends that an exception to Frazier should be created because he requested exculpatory evidence "at the appropriate time," namely a pre-trial hearing, but was forced to go to trial without this evidence as it was withheld by the State in violation of Brady. In addition, the Petitioner asserts that Frazier stripped the coram nobis court of its discretion to grant relief despite the fact that the court found all the necessary elements for a coram nobis claim. Finally, the Petitioner maintains that public policy and due process mandate that an exception to Frazier be created in circumstances, like his, where a defendant goes to trial without material, exculpatory evidence that is withheld in violation of Brady and then enters an Alford plea in order to avoid the death penalty. The State responds that because no such exceptions to Frazier exist, the Petitioner is not entitled to relief. We are constrained to conclude that the Petitioner is not entitled to error coram nobis relief.

In its order denying relief, the coram nobis court made the following ruling regarding the alleged Brady violation before concluding that the Petitioner was not entitled to relief under Frazier:

> The court finds that this statement [of Booker Matthews] contained in Exhibit 5 is exculpatory and should have been provided to the defense. The court further finds that the statement was material and could have affected the outcome of the decision making process. The court further finds that the evidence suggests that it was not provided, although the omission may not have been intentional. The court also finds that the author of this missing statement was listed as a witness on the indictment. Neither side presented proof as to whether that witness was available for the trial or testified. Further, if he testified, no proof was presented as to his testimony.

Also, there was evidence that the Petitioner had confessed to the crime on several occasions. Of course, he now contends these confessions were a product of coercion as mentioned earlier.

After careful consideration and in light of the Supreme Court of Tennessee's decision in Frazier v. State, 495 S.W.3d 246 (Tenn. 2016), a guilty plea cannot be considered a trial for the purpose of a writ of error coram nobis, this court finds that the Petitioner has no basis for relief under a Writ of Error Coram Nobis.

Here, the Petitioner entered a "best interest" or Alford plea. In a footnote, the Frazier court addressed the circumstances in which defendants enter an Alford plea:

Although uncommon, criminal defendants also may plead guilty while maintaining that they did not commit the crime charged. Such pleas are often referred to as "Alford pleas" based on the United States Supreme Court case, North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). In Alford, our nation's high court held that a defendant who professed his innocence could nonetheless enter a constitutionally valid guilty plea when the defendant "intelligently concludes that his interests require entry of a guilty plea." Id. at 37, 91 S. Ct. 160. Our Rules of Criminal Procedure refer to such pleas as "nolo contendere" pleas. Tenn. R. Crim. P. 11(a)(2); see also State v. Crowe, 168 S.W.3d 731, 743 (Tenn. 2005). While we recognize that a criminal defendant who enters an Alford plea may have a stronger public policy argument than other criminal defendants for the right to seek error coram nobis relief, the issue remains one of a policy judgment which is within the province of the legislature, not this court.

Frazier, 495 S.W.3d at 250, n.1. Although Frazier did not involve an Alford plea, we believe, given the language in the last sentence of this Frazier footnote, that the Tennessee Supreme Court would apply the same reasoning it used in Frazier to conclude that a writ of error coram nobis is unavailable to a petitioner who enters an Alford plea. See Ronald Christopher Hayes v. State, No. M2016-01094-CCA-R3-ECN, 2017 WL 4315375, at *3 (Tenn. Crim. App. Sept. 27, 2017).

As an intermediate appellate court, we are bound by the decisions of the Tennessee Supreme Court. See Barger v. Brock, 535 S.W.2d 337, 341 (Tenn. 1976); State v. Brown, 373 S.W.3d 565, 574 (Tenn. Crim. App. 2011). Because we are obliged to follow the holding in Frazier, which precludes a Petitioner from collaterally attacking his guilty plea through a writ of error coram nobis, we affirm the denial of relief.

- 4 -

When an opinion would have no precedential value, this Court may affirm by memorandum opinion the judgment or action of the trial court when the judgment was rendered or the action was taken in a proceeding without a jury and such judgment or action was not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. <u>See</u> Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the coram nobis court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE